291 So.2d 778 (1974)
Jim GARRISON
v.
Harry F. CONNICK et al.
No. 54293.
Supreme Court of Louisiana.
January 9, 1974.
Supplemental Opinion January 14, 1974.
*779 Gibson Tucker, Jr., Tucker & Schonekas, Jerald N. Andry, Gilbert V. Andry, III, J. David McNeill, New Orleans, for plaintiff-applicant.
Fritz Windhorst, William F. Wessel, Peter J. Abadie, Jr., Anita Connick, David S. Cressy, New Orleans, Peter E. Duffy, Metairie, Maurice Indest, Adolph J. Levy, Frank A. Marullo, Jr., Calvin H. McBride, Richard S. McBride, Jr., James A. McPherson, New Orleans, John A. Mmahat, Metairie, Francis J. Demarest, Jr., New Orleans, for defendants-respondents.
PER CURIAM.
Upon adverse judgment of the Court of Appeal, Fourth Circuit, Jim Garrison applied to this Court for a writ of certiorari to review the judgment of that court maintaining an exception of no cause of action filed by Harry F. Connick.
We granted a writ of review limited to Assignment of Error No. 1:
"The Court of Appeal erred in holding that the plaintiff failed to state a cause of action because he had not named the names of the 2,369 electors whose votes were alleged to have been illegally and fraudulently rung up on the voting machines."
For reasons to be assigned in due course, the judgment of the Court of Appeal is reversed, and the case is remanded to the trial court with instructions to proceed with the trial of this matter in accordance with law limited to the allegations of the 2,369 illegally and fraudulently cast votes under Assignment of Error No. 1 before this Court.

SUPPLEMENTAL OPINION
PER CURIAM.
Plaintiff and defendant were candidates for District Attorney for the Parish of Orleans in the second Democratic primary election held on December 15, 1973. The Orleans Parish Democratic Executive *780 Committee promulgated the results of said election, according to which, defendant, Harry F. Connick, received 64,952 votes and plaintiff, Jim Garrison, received 62,731 votes, giving Connick a majority of 2,221. Defendant was declared the party nominee, and plaintiff instituted this suit to contest the nomination.
Plaintiff alleges, among other things, that in many precincts persons who did not personally appear in the polling booth were entered on the poll lists, and votes were actually cast through the voting machines in a corresponding number. He then proceeded to itemize by wards and precincts the number of votes registered on the machines and the precinct registers, as well as the difference between the two. This added up to a total of 1,593 votes. It was further alleged that a complete count of the remaining precincts not included in said tabulation shows additional discrepancies totaling 863 more votes cast than were registered on the precinct registers, making a total discrepancy of 2,446. It was averred that details of these additional discrepancies would be furnished forthwith by supplemental petition. A First Supplemental and Amended Petition was filed showing the details making up the alleged total discrepancy of 2,406 votes. Later, in a Second Supplemental and Amended Petition, the total figure was reduced from 2,406 to 2,369, which is the number of alleged fraudulent and illegal votes cast set forth in Assignment of Error No. 1[1] before this Court. It was further alleged that the votes were illegally and fraudulently cast and are of such a nature and in such a quantity that the results of this election would be materially changed if such illegal and fraudulent votes were eliminated from the tabulation, and, but for such fraudulent votes, plaintiff, Jim Garrison, would have received the majority of the legal votes cast and would have been named the party nominee. There were further allegations that all of the commissioners and/or watchers were representing Harry F. Connick or were supporters of his political faction, and that all of the fraudulent and illegal votes were cast surreptitiously so that Jim Garrison had no opportunity to lodge a formal protest.
The matter was set for trial for December 26, 1973. Answers were filed by the defendants. Additionally, Harry F. Connick filed an exception of no cause of action primarily contending that plaintiff had failed to state a cause of action in that he had not complied with the provisions of R.S. 18:364 in specifying in detail the alleged frauds and irregularities and their effect on his candidacy. The trial court maintained the exception of no cause of action and dismissed plaintiff's suit. The matter was appealed to the Fourth Circuit Court of Appeal which affirmed the judgment of the trial court.
Plaintiff, Jim Garrison, applied to this Court for a writ of certiorari to review the judgment of the Court of Appeal maintaining the exception of no cause of action. We granted a writ of review limited to Assignment of Error No. 1 and immediately assigned the matter for argument. In conformity with the provisions of R.S. 18:364, which requires disposition of cases of this character within twenty-four hours after submission and giving particular consideration to the exigencies of the matter as relates to time, we handed down our decision after argument on the same date. Our decision reversed the judgment of the Court of Appeal and remanded the matter to the trial court with instructions to proceed with the trial of this matter in accordance with law, limited to consideration of the allegations that 2,369 votes cast were illegal and fraudulent, as set out in Assignment of Error No. 1 in the application filed in this Court. We herewith assign reasons for our decision.
*781 Defendant urges that since plaintiff did not give the names in his petitions of the electors whom he alleges did not appear at the polls but whose names were placed on the poll lists and for whom votes were cast on the voting machines, the petition fails to state a cause of action under the statutory requirements of R.S. 18:364.[2] We do not agree.
Under the provisions of the primary election law, one who desires to contest an election shall present a petition to the court setting forth "specifically in detail" the grounds on which the contest is based. R.S. 18:364. General charges of fraud and irregularities are not sufficient to state a cause of action. The well-established jurisprudence is stated in Dowling v. Orleans Parish Democratic Committee, 235 La. 62, 102 So.2d 755 (1958):
"As a general proposition it may be stated that, in the absence of specific facts giving rise to fraud or which cast uncertainty on the result, irregularities in an election will not affect the validity of a nomination or serve to nullify the result (Daigle v. Mayor and Board of Aldermen of Town of Rayne, 222 La. 556, 62 So.2d 833; Womack v. Nettles, 155 La. 359, 99 So. 290; Andrews v. Blackman, 131 La. 355, 59 So. 769); but the rule is otherwise if a contestant is able to show, upon allegations of specific fraud and irregularities, that but for such fraud and irregularities he would have received a majority of the legal votes cast (Landry v. Ozenne, 194 La. 853, 195 So. 14; Lafargue v. Galloway, 184 La. 707, 167 So. 197); and, as an alternative, it has been recognized that if the Court finds the proven frauds and irregularities are of such a serious nature as to deprive the voters of the free expression of their will, it will decree the nullity of the entire electioneven though the contestant might not be able to prove that he would have been nominated but for such fraud and irregularities (Lewis v. Democratic Executive Committee, 232 La. 732, 95 So.2d 292; Vidrine v. Eldred, 153 La. 779, 96 So. 566)."
Each case must be decided on the allegations therein set out.
Plaintiff has specifically in detail set forth the grounds on which his complaint is based. He alleges that 2,369 electors did not appear at the polls, but whose names were listed on the poll lists and votes actually cast for them on the voting machines. He lists by precincts and wards the number of votes appearing on the voting machines as compared to the precinct registers, which tabulation indicates a difference of 2,369. Connick won the election by only 2,221 votes. Based upon the allegations set forth in plaintiff's petitions, we conclude that he has alleged a cause of action under the statutory law and jurisprudence warranting a trial on the merits. To additionally require plaintiff to name each of the 2,369 allegedly fraudulent and illegal voters and the commissioners at each of the various precincts would present an insurmountable obstacle in the extremely limited time afforded by the statute.
We repeat our decree formerly rendered:
For the reasons assigned, the judgment of the Court of Appeal is reversed, and the case is remanded to the trial court with instructions to proceed with the trial of this matter in accordance with law limited to the allegations of the 2,369 illegally and fraudulently cast votes under Assignment of Error No. 1 before this Court.
NOTES
[1] "The Court of Appeal erred in holding that the plaintiff failed to state a cause of action because he had not named the names of the 2,369 electors whose votes were alleged to have been illegally and fraudulently rung up on the voting machines."
[2] "* * * The petition shall set forth specifically in detail the grounds on which the contest is based and the irregularities or frauds of which complaint is made. * * *"