CULPEPPER, Judge.
This is an election suit. Plaintiff-appellant, Valcour Fontenot, and defendant-ap-pellee, Larry Vidrine, were candidates for City Councilman of District C of the Town of Ville Platte in Evangeline Parish. The tabulations by the Board of Supervisors of Elections showed Fontenot lost 465 to 462. Fontenot timely filed a petition contesting the results alleging fraudulent and irregular conduct in the election. He also sought a recount of absentee ballots.
Plaintiff joined as defendants Walter Lee, Clerk of Court and Parish Custodian, the Board of Supervisors, Paul J. Hardy, Secretary of State, and Larry Vidrine.
Defendant Vidrine filed an Answer and Exception of No Cause of Action. In the exception Vidrine argues the allegations in plaintiff’s petition are not sufficiently specific and that some allegations amount only to an improper collateral attack upon the registration of the voters in question.
Plaintiff subsequently amended his petition to allege more specifically the fraud and irregularities. At the hearing in the trial court the absentee ballots were first recounted, which resulted in the nullification of one vote for defendant Larry Vid-rine. The parties agree the final count is Vidrine 464 and Fontenot 462.
The District Court then heard arguments on the Exception of No Cause of Action which he sustained. From a judgment sustaining the exception, plaintiff Fontenot now appeals.
Essentially, the district court held that plaintiff’s original and amended petitions failed to state a cause of action because (1) the allegations of fraud and irregularity are not sufficiently specific, and (2) there are no allegations that the fraud or irregularities were protested at the polls on election day. The correctness of these rulings is the substantial issue on appeal.
*762 Plaintiffs original and supplemental petitions allege:
“10.
“Certain irregularities and/or fraud were committed during the election, such that he was deprived of a victory in the election, such irregularities and/or fraud being set out as follows, but not limited to the below listed events:
“(1) In Precinct 10, voting commissioner, Thomas Reed, entered into a voting machine without the request of the voter, Mrs. Jimmie B. Fontenot, and against her wishes and changed the vote on the machine from that of Valcour Fontenot to Larry Vidrine without the voter’s consent.”

“ ‘10(2).
“The following voters were directed to enter the wrong voting booths (three voting booths were set up at the Lavergne Poll, Precinct 9, only one of which contained provisions for voting for Councilman, District C.; none of which were marked to set out this difference) such that they were unable to vote for the District C Councilman office; they were unable to change to another voting booth either because they had pulled the key closing the booth and had proceeded to vote before noticing there was no provision for voting for District C Councilman or because they were prevented by the commissioners from changing booths; all such voters having the definite intention to vote for Valcour Fontenot and all such voters complaining either before or after their vote was cast to the commissioners: Gerald Morein directed to wrong booth by commissioner, Hillary Vizinat, and R. P. Landry directed to wrong booth by commissioner George Martin.”

“(3) The following voters lived outside the District C area at the time of registration and voting but nevertheless voted on election day for Councilman, Ward One, District C, Ville Platte, Evangeline Parish, Louisiana:
(a) Mr. and Mrs. Cecil Reed.
(b) Elton Fontenot
(c) Lionel Fontenot
(d) Jacqueline Ardoin Vidrine, daughter-in-law of candidate, Larry Vidrine.
“(4) Certain fraud and/or irregularities were committed during the absentee voting and/or the counting of such votes.
“(5) Other irregularities and/or fraud to be brought at the trial of this matter.”
The following portions of Louisiana Revised Statutes, Title 18:420(B) are controlling:
“Any candidate for nomination to any office who claims that but for irregularities or fraud he would have been nominated and/or he would have been entitled to enter a general election and who desires to contest the election, shall present a petition to the judge of the district court . . . . If the office be a municipal, parochial or district office, the petition shall be presented to the district court of the parish in which the contestee resides. The petition shall set forth specifically and in detail the grounds on which the contest is based and the irregularities or frauds of which complaint is made.”
The jurisprudence has established certain general rules. In Landry v. Ozenne, 194 La. 853, 195 So. 14 at page 23 (1940) the court stated:
“Before a candidate in a primary election can be heard in the courts to attack the returns of the election, he must show by the clearness and particularity of the allegations of his petition that he has been deprived of the nomination by the fraudulent or wrongful acts of the election officials.”
This proposition was deemed well established in a more recent case where the court cited several cases to support its statement:
“It is well established that any judicially contested election must be based upon the fact that a different result would have *763 obtained but for the occurrence of the specified irregularities in the conduct of the election.” See Cartwright v. Police Jury of Bossier Parish, 106 So.2d 842 (La. App. 2d Cir. 1958)
This court in Love v. Cross, 158 So.2d 614 (3rd Cir. 1963) stated plaintiff in an election contest must (1) allege specific frauds or irregularities, (2) show that the frauds or irregularities did in fact alter the result, (3) show that the fraudulent conduct prevented the electors from expressing their will, and (4) show it was impossible for the plaintiff to protest the conduct before or at the time of the election.
The Louisiana Supreme Court in Garrison v. Connick, 291 So.2d 778 (La.1974), seemed to make the requirements which a plaintiff in an election case must meet somewhat less demanding. It treated the following as settled jurisprudence:
“ . . .it has been recognized that if the court finds the proven frauds and irregularities are of such a serious nature as to deprive the voters of the free expression of their will, it will decree the nullity of the entire election — even though the contestant might not be able to prove that he would have been nominated but for such fraud and irregularities. (Lewis v. Democratic Executive Committee, 232 La. 732, 95 So.2d 292; Vidrine v. Eldred, 153 La. 779, 96 So. 566).”
There is no serious question that the allegations of paragraphs 10(1) and (2) of plaintiffs petition in the present case allege with sufficient specificity fraud and irregularities which would change the election result. The tabulated vote was Vidrine 464 and Fontenot 462. If, as alleged in paragraph 10(1) quoted above, Mrs. Jimmie B. Fontenot’s vote was fraudulently changed, the count should be 463 to 463. And if, as alleged in paragraph 10(2), two voters who would have voted for Fontenot were improperly directed by commissioners to enter the wrong booth, then the count should be Vidrine 463 and Fontenot 465. These specifically alleged frauds and irregularities would change the election result in plaintiff’s favor.
The trial judge did not find paragraphs 10(1) and (2) insufficiently specific. He found 10(3) alleged only a collateral attack on registration, and that 10(4) and (5) alleged no specifics as to fraud. We do not reach these issues under 10(3), (4) and (5), since we find a cause of action is alleged under 10(1) and (2).
The district judge held 10(1) and (2) insufficient since there is no allegation that these irregularities were protested at the polls. He cites Landry v. Ozenne, 194 La. 853, 195 So. 14 (1940) which held that where ballots were cast without prior protest as to non-residence or age, these objections could not be later urged in an election contest. He also cites Love v. Cross, supra, which states a general principle that plaintiff must show it was impossible for him to protest the irregularity before or at the election. Neither of these cases are authority for the holding in the present case that all irregularities at the polls on election day must be protested at the polls. Counsel have not cited, nor have we found, any case or statute which supports such a rule. To the contrary, in the recent Supreme Court case of Garrison v. Connick, 291 So.2d 778 (La.1947), the court overruled defendant’s exception of no cause of action even though plaintiff had made no protest before or on election day as to the many votes contested.
This court in the case of Love v. Cross, supra, indicated that there may be times when the irregularities are such that it would be impossible for the plaintiff to have protested them on election day. The alleged irregularities in the instant case are of that nature. Once Mr. Reed cleared the machine, it would have been a vain and useless thing for Valcour Fontenot to protest at the scene. The same is true in the instance where voters were directed to the wrong machines and commenced voting before they realized the mistake.
We find no statute or jurisprudence requiring dismissal of plaintiff’s suit because of his failure to protest these alleged irregularities on election day.
*764 We find no merit in defendant’s argument that the trial judge improperly considered plaintiff’s supplemental petition. See Garrison v. Connick, supra.
For the reasons assigned, the judgment appealed is reversed and set aside. Judgment is now rendered overruling defendant Vidrine’s exception of no cause of action. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendant Vidrine. Assessment of costs in the district court must await a final judgment there.
REVERSED AND REMANDED.