SWIFT, Judge.
This case presents an election contest under LSA-R.S. 18:1401 and 18:1451. Elden Brunet, the plaintiff-appellant, appeals from judgments sustaining exceptions of no cause of action filed by defendant-appellee, Johnny Chapman.
The plaintiff and defendant were candidates for the office of Evangeline Parish Police Juror, District Seven (7), in the October 27, 1979 election. The unofficial final tabulation of votes showed Mr. Chapman receiving 612 votes and Mr. Brunet receiving 610 votes. The official count, held on October 30, 1979, produced the same results.
On October 31,1979, plaintiff filed a petition to recount the absentee ballots and to contest and challenge the election. The judge’s order attached to the petition directed that the absentee ballots be delivered to the court for recounting at 9:00 A.M. and a trial on the merits be held at 10:00 A.M. on November 5,1979. On that day the trial judge overruled the defendant’s exception of improper citation and sustained separate exceptions of no cause of action in regard to the recount of absentee ballots and the election contest.
Although there were three polling places, plaintiff has challenged the results of only one, i. e., Ward Three, Precinct Three.
Plaintiff assigns as error, first, that the court erred in refusing to allow the absentee votes to be recounted and properly tabulated.
LSA-R.S. 18:1451 provides:
“Prior to the trial of an election contest, a party to the suit by ex parte motion may seek a recount of the absentee ballots if he alleges that there is an error in the counting of the absentee ballots which would have changed the outcome of the election.”
In his petition Mr. Brunet alleged that “. . . a proper recount of the *635 absentee ballots . . .’’of the aforementioned precinct “. . . would change the results of the election and plaintiff would win the election.” The trial judge concluded the plaintiff had failed to allege an “error” in the counting of such ballots. We disagree. In our opinion the allegation that a “proper recount” of the ballots would change the results of the election unquestionably sets forth that there was an error in the original count. In Gremillion v. Rinaudo, 240 So.2d 237 (La. App. 1 Cir. 1970), the court, interpreting LSA-R.S. 18:364, the source of the present statute, held the same language sufficient to allege a cause of action.
Needless to say, for the purpose of determining the validity of an exception of no cause of action all well pleaded allegations of fact are accepted as true and must be construed most favorably from the plaintiff’s standpoint to afford him an opportunity to present his evidence at a trial. Haskins v. Clary, 346 So.2d 193 (La.1977); Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975).
Plaintiff also assigns as error the trial court’s sustaining the exception of no cause of action with respect to the suit to contest the election.
LSA-R.S. 18:1401 provides in part:
“B. A candidate who alleges that except for irregularities or fraud in the conduct of an election he would have qualified for a general election or would have been elected may bring an action contesting the election.”
The law and jurisprudence is clear to the effect that the petition shall set forth specifically in detail the grounds on which the contest is based. LSA-R.S. 18:1406 and Gremillion, supra at 241.
Plaintiff alleges that there was a discrepancy of either four or five votes between the number actually cast in the election machines of Ward Three, Precinct Three, and the number of votes recorded on the list of voters kept by the commissioners. He also alleges that there was a malfunction in one or more of these three voting machines, in that the key opposite his name was stuck and would not go down when “. . . several individuals attempted to cast a ballot . . .” for plaintiff. He further asserts that but for these irregularities and/or fraud, he would have been elected police juror.
Since the final tally was 612 to 610 against the plaintiff, only two of the votes of the several persons who tried unsuccessfully to vote for him would have caused the election to result in a tie. More would have given him a victory. Thus, the petition most certainly has alleged with specificity an irregularity that would have changed the result of the election. When the allegations of a petition set forth a cause of action in any respect the exception must be overruled, Haskins, supra. However, we also must state that we believe the other irregularity complained of by the plaintiff has been sufficiently alleged.
In Fontenot v. Lee, 348 So.2d 760 (La.App. 3 Cir. 1977), this court recognized that the Supreme Court in Garrison v. Connick, 291 So.2d 778 (La.1974), seemed to make the requirements which a plaintiff in an election case must meet somewhat less demanding. In Garrison, as in this case, the plaintiff identified the precincts and detailed the discrepancies which existed without naming the voters involved. It was held that he had alleged a cause of action under the statutory law and jurisprudence which warranted a trial on the merits.
In view of our conclusion that the petition is sufficiently specific to set forth a cause of action with respect to irregularities or fraud, it is unnecessary to consider plaintiff’s other assignment of error, that the second exception of no cause of action was not filed timely.
The defendant’s contention that his declinatory exception based on insufficiency of citation was overruled erroneously is without merit. The record reveals that prior to his filing this exception, the first exception of no cause of action had already been filed, heard and sustained. While that peremptory exception was directed solely at *636 the plaintiff’s demand for a recount of the absentee ballots, we have before us only one suit instituted by one petition containing both of plaintiff’s demands.
The law is well settled that a party makes a general appearance in a suit which subjects him to the jurisdiction of the court and impliedly waives all objections thereto, including insufficiency of citation, when he seeks therein any relief other than that enumerated under LSA-C.C.P. Article 7. None of those listed are pertinent here. By filing a peremptory exception, the party is affirmatively invoking the jurisdiction of the court to obtain a final disposition of the cause of action asserted. Polmer v. Spencer, 256 So.2d 766 (La.App. 1 Cir. 1972); Texas Gas Transmission Corporation v. Gagnard, 223 So.2d 233, 237 (La.App. 3 Cir. 1969). Thus, defendant has effectively waived his objection to the citation by making a general appearance in this case through the prior filing and trial of the first peremptory exception of no cause of action.
For the foregoing reasons, the judgments of the trial court sustaining the peremptory exceptions of no cause of action, denying the preliminary injunction prayed for and vacating the temporary restraining order issued herein are reversed. The judgment overruling the declinatory exception of insufficiency of citation is affirmed. This case is remanded to the district court for further proceedings according to law and consistent with the views expressed herein. The cost of this appeal are assessed against defendant-appellee. All other court costs will be taxed upon final determination of the suit.
REVERSED AND REMANDED.