445 So.2d 3 (1983)
John INGRAM
v.
Dewaine SEAL, et al.
No. CE 83 1236.
Court of Appeal of Louisiana, First Circuit.
Judgment November 9, 1983.
Supplemental Judgment November 16, 1983.
Opinion November 18, 1983.
Richard Knight & Edward Griffis, Bogalusa, for plaintiff-second appellant.
W. Thornhill, Slidell, for defendant-appellee Tilmer Morris.
Herbert Alexander, Bogalusa, for defendant-first appellant John Dobbs.
Dewaine Seal, in pro. per.
William J. Knight, Asst. Dist. Atty., Franklinton, for defendants-appellees Gladys Johnson, et al.
Before COVINGTON, COLE and SAVOIE, JJ.

JUDGMENT
PER CURIAM.
For reasons to be assigned, the judgment of the trial court is affirmed as to its *4 certification of Tilmer Morris and reversed as to its certification of John Ingram as candidates in the General Election for Police Jury in District Six of Washington Parish, Louisiana. Further, the case is remanded to the trial court to call a restricted primary election between candidates John Dodds and John Ingram. See LSA-R.S. 18:1432(A).
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

SUPPLEMENTAL JUDGMENT
The original per curiam judgment is hereby supplemented to provide that the trial court also call an election between the winner of the restricted primary election and Tilmer Morris.
SUPPLEMENTED, AND AS SUPPLEMENTED, REMANDED.
SAVOIE, Judge.
John Ingram, a candidate for police juror for District 6 in Washington Parish, Louisiana, filed this election contest. Therein, he complained that he would have qualified to run in the general election except for the occurrence of certain irregularities during the October 22, 1983, primary election.
The primary election resulted in a run-off election between Tilmer Morris with 359 votes, and John Dodds with 282 votes. Ingram ran third, with 272 votes, only 10 less than Dodds.[1]
At trial, 13 registered voters of District 6 testified that they were prevented from voting for police juror in District 6. Further, they stated that had they been allowed to vote in District 6, they would have voted for John Ingram.
At the trial's conclusion, Morris' counsel requested a directed verdict, arguing that the number of witnesses was insufficient to change the results as to Morris. Based thereon, counsel asserted that the issue was whether Dodds or Ingram would be in the run-off with Morris. All parties conceded this was the correct posture of the case. Accordingly, the trial court granted a directed verdict and dismissed Morris from the proceeding.
Thereafter, the trial court concluded that certain irregularities had occurred in the election procedure for the position of District 6 police juror. The basis therefor was the testimony of the witnesses who were denied the right to vote in their district, District 6, for the candidate of their choice, Ingram. It ordered that a second primary be held with Ingram in a run-off election with Morris.
Dodds appealed, alleging that the trial court erred in applying L.S.A.-R.S. 18:1431 and replacing him in the run-off election. In addition, Ingram appealed to procedurally insure that all parties, including Morris, would be before this court.
For the following reasons, we affirm the trial court's dismissal of Morris from the instant suit. However, the trial court should have remedied the election's irregularities in accordance with L.S.A.-R.S. 18:1432. Thus, the case is remanded for compliance therewith.

I. IRREGULARITIES IN THE CONDUCT OF THE ELECTION
The record reveals that Washington Parish had recently reverted to the Police Jury system of Parish Government. This was the first election of police jurors since the reversion. The police jury districts were established shortly before the election as a result of court action. Thus, the Registrar of Voters was unable to mark her rolls as to the appropriate police jury district for each individual voter. To compensate therefor, the election commissioners were given maps from which to determine the proper district. In addition, the commissioners were provided with affidavits for the voters to complete, wherein they asserted their police jury districts. The purpose of these affidavits was to aid the Registrar of Voters in up-dating her rolls as to police jury districts. Ostensibly, voters were to be able to vote in the district they set forth on their affidavit.
*5 The commissioners' testimony establishes that numerous polling areas were without a sufficient number of affidavits. In addition, the affidavits that were used were not used as intended nor in accordance with any uniform policy.
The district attorney's office received several telephone complaints regarding the voters' proper police jury districts. Upon investigation thereof, it was discovered that, by mistake, some of the commissioners were requiring voters to vote for police juror in accordance with the boundaries of the school board districts rather than the new police jury districts.
As noted above, 13 qualified voters of District 6 testified that they were denied the right to vote therein. Of these voters, the majority requested that the voting poll commissioner allow them to vote in District 6. In addition, several of the voters signed affidavits which were presented to them as a method of complaining about the district in which they were required to vote.
L.S.A.-R.S. 18:1434 requires that if an objection to an irregularity in the conduct of the election could have been raised by due diligence at the polls but was not, it is considered waived. Under the peculiar circumstances of this case, we believe that the voters' actions herein were sufficient to constitute a timely objection to the election irregularity.
Having concluded that there were irregularities in the conduct of the election which were timely objected to, it remains to determine the proper remedy therefor.

II. REMEDY
The trial court noted that at least 12 qualified District 6 voters testified that they would have voted for Ingram had they been allowed to vote for police juror in that district. In light thereof, the trial court ordered a second primary to be held with Ingram in a run-off election with Morris. This solution excluded Dodds, the second-place candidate.
Apparently, the trial court relied on L.S. A.-R.S. 18:1431. It states:
"... If the court determines that legal votes cast in the election were excluded in the total votes cast on a candidate or proposition, then these excluded legal votes shall be added to the total votes on the candidate or proposition to which they are attributable. Thereafter, and after considering all the evidence, the court shall determine the result of the election."
However, in this instance, there were no legal votes cast in the election which were excluded in the total votes cast for Ingram. The complaint is that the voters were excluded from casting their votes at all in District 6.
The appropriate remedy lies in L.S.A.-R.S. 18:1432(A)(2). It provides, in pertinent part:
"A. If the trial judge in an action contesting an election determines that: ... (2) the number of qualified voters who were denied the right to vote by the election officials was sufficient to change the result of the election, if they had been allowed to vote, ..., the judge may render a final judgment declaring the election void and ordering a new primary or general election for all candidates, or, if the judge determines that the appropriate remedy is the calling of a restricted election, the judge may render a final judgment ordering a new election and specifying the date of the election, the appropriate candidates for the election, and the office or other position for which the election shall be held."
Since the number of qualified voters denied the right to vote for police juror in District 6 would change the result of the election with respect to Dodds and Ingram, the appropriate solution is to call a new election between these candidates in accordance with L.S.A.-R.S. 18:1432(A).

III. DISMISSAL OF TILMER MORRIS
At the conclusion of the trial, all parties agreed that the issue before the trial court was who should be the second-numbered candidate for District 6 police juror in the general election. Accordingly, *6 the trial court granted a directed verdict in Morris' favor, dismissing him from the suit. We find no error in that dismissal.
Thirteen qualified District 6 voters testified that they, individually, were denied the right to vote for police juror in District 6. In addition, other testimony indicates that the same may be true of other voters in District 6. However, nothing in the record reflects that the number was so great as to cast doubt on Morris' position as the leading candidate. Further, even if there were a sufficient number of persons to do so, they have waived their right to complain of the irregularity by failing to object at the polls. L.S.A.-R.S. 18:1434.
Accordingly, the judgment of the trial court is affirmed as to its dismissal of Tilmer Morris from this suit and his certification as a candidate in the general election for police juror in District 6 of Washington Parish, Louisiana. The judgment is reversed as to its certification of John Ingram as a candidate in the general election for police juror in District 6 of Washington Parish, Louisiana. Further, the case is remanded to the trial court to call a restricted primary election between candidates John Dodds and John Ingram and, thereafter, an election between the winner of the restricted primary election and Tilmer Morris.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] The 4th and 5th place candidates in the race were not made defendants therein.