PER CURIAM.
Zack Sanders, one of the defendants in this election suit appeals a lower court judgment declaring a general election void, and ordering a new restricted general election to be held for the office on December 19, 1987 between appellant and Bob G. Burford. Appellant contends the trial court erred in allowing plaintiff to file an amended petition; in finding there had been irregularities in the election sufficient to change the result; and in ordering the new election. For the reasons expressed, we affirm.
Bob Burford and Zack Sanders were contestants in the November 21, 1987, run-off election for the District 9, Bossier Parish Police Jury seat. The final vote tally gave Sanders 683 votes and Burford 680 votes. Burford filed this election contest suit on November 25, 1987, alleging that eligible voters were prevented from voting in the District 9 Police Jury race at the Kerr Elementary School and the Waller Elementary School precincts because the commissioners had mistakenly locked the levers. The hearing on the contest was set for November 30, 1987. In the interim, plaintiff learned of another instance where the commissioners refused to let a qualified voter vote in the District 9 Police Jury race because he was a registered Republican. Plaintiff amended and supplemented his petition on the day of the hearing to complain of this irregularity.
The evidence showed that Mr. and Mrs. Sawyer were qualified to vote in the District 9 Police Jury race at the Waller School precinct. Because only 17 voters registered at that precinct were entitled to vote in the District 9 race, the commission *994 ers had to unlock the levers for the race in order to allow these eligible voters to vote. Proper identification was presented to the commissioners by the Sawyers in order to allow them to vote for police juror. However, once in the voting machines, they encountered locked levers and were unable to vote for police juror. Mr. Sawyer stuck his head out of the booth to protest; the commissioner instructed him to clear the machine first. After exiting, he inquired why he was unable to vote for police juror and was told he was ineligible. Outside he asked his wife if she had been able to vote in the race; she said no. He reentered the polling place with his registration card and again protested on behalf of himself and his wife, who had proceeded home to entertain visiting guests. He was ultimately informed that a mistake had been made but nothing could be done to correct it at that point. He went home and called the Clerk of Court who expressed sympathy and instructed. him to call a Mr. Nattin. Unable to reach Nattin, he called plaintiff. Plaintiff went to the precinct and requested that Sawyer and his wife be allowed to vote. The commissioners acknowledged the error to plaintiff but told him nothing could be done. Both Mr. and Mrs. Sawyer testified they had fully intended to vote for Burford.
Dirk Rainwater testified, and the record corroborates, that he was qualified to vote in the District 9 Police Jury race at Kerr Elementary School precinct. He also encountered a locked lever in the Burford-Sanders race. From inside the voting machine, he asked the commissioner at the machine to unlock the lever to allow him to vote for police juror. She informed him that he was not eligible to vote in that race. He insisted he was but was not allowed to vote. After he exited the machine and continued protesting, it was discovered that he was eligible but the commissioners told him that it was too late to rectify the mistake and asked him not to tell what happened. Rainwater also testified he intended to vote for Burford.
Marston Stevens was a registered Republican voter who voted at the Waller Street Fire Station. He was eligible to vote in the District 9 Police Jury race. When he went to vote, he was instructed by the commissioners that, because he was a registered Republican, he could only vote on the constitutional amendments and in the Lt. Governor’s race. He protested these instructions but one of the commissioners told him she would have to block out any other races on the machine. Not wanting to spoil his ballot and not desiring to vote for the Republican candidate for Lt. Governor, Stevens testified he voted only on the amendments. After exiting the voting machine, he again complained to the commissioners about their instructions. He later called the Clerk of Court, Wilma Mabry, who was apologetic. Then he contacted plaintiff for whom he had intended to vote. Stevens’ wife fully corroborated his account of what happened at the voting precinct.
The final incident was presented by the defendant’s witness, Mr. Zsimovan. He testified he was the first voter on the scene at the Central Park School precinct and that he tried to vote for Sanders in the District 9 Police Jury race. However, the lever was locked. He reported this to the commissioners and then to Sanders who came back with Zsimovan to the precinct some two hours later. The commissioner in charge acknowledged the incident but contended that the two voting machines had been immediately unlocked upon receipt of Zsimovan’s complaint. While not clearly stated, the record suggests that Zsi-movan was the only voter affected at that precinct.
The trial judge, after hearing the evidence, concluded that it showed that five qualified voters were mistakenly denied their right to vote and timely objected. He further concluded that these voters would have changed the outcome of this close election by causing a tie between the contestants. The trial judge then ordered a new restricted general election. It is from this judgment that defendant appeals contending that the lower court erred in allowing the amended petition to be filed and in finding that the irregularities proved warranted a new election.
*995 LSA-R.S. 18:1406(B) states in pertinent part that “(t)he trial judge may allow the filing of amended pleadings for good cause shown and in the interest of justice.”
The trial court has broad discretion in allowing an amended petition to be filed. Smart v. Curry, 456 So.2d 630 (La.App. 1st Cir.1984). The record discloses no abuse of discretion in this case. Appellant did object to the filing of the amended petition on the ground it was not specific enough. R. p. 24. An examination of the pleading reveals it meets the specificity test. On appeal, appellant now urges that he was denied the opportunity to subpoena the commissioners at the precinct involved.[1] However, appellant never urged this objection to the trial court. After plaintiff rested his case, appellant only requested a few minutes to talk to his witnesses; the trial court granted this request and recessed for lunch. Upon resumption of the hearing, appellant made no additional requests or objections. Based on this record, we conclude the trial court did not abuse its great discretion under the statute in allowing the filing of the amended petition.
Finally, appellant argues that the trial court erred in finding that there had been irregularities in the election sufficient to change the result and in ordering a new restricted election between the parties.
LSA-R.S. 18:1432 provides in pertinent part:
A. If the trial judge in an action contesting an election determines that: 1) it is impossible to determine the result of election or 2) the number of qualified voters who were denied the right to vote by the election officials was sufficient to change the result in the election, if they had been allowed to vote, or 3) the number of unqualified voters who were allowed to vote by the election officials was sufficient to change the result of the election if they had been allowed to vote, or 4) a combination of the factors referred in 2) and 3) herein would have been sufficient to change the result had they not occurred, the judge may render a final judgment declaring the election void and ordering a new primary or general election for all the candidates, or, if the judge determines that the appropriate remedy is the calling of a restricted election, the judge may render a final judgment ordering a new election and specifying the date of the election, the appropriate candidates for the election, and the office or other position for which the election shall be held.
[[Image here]]
LSA-R.S. 18:1434 provides in pertinent part:
[[Image here]]
An objection * * * to an irregularity in the conduct of the election which, with the exercise of due diligence, could have been raised by * * * objections at the polls to the procedure is deemed waived.
The trial court found that the evidence presented at the hearing conclusively established that at least five eligible voters were denied the right to vote, that four of the five would have voted for plaintiff and the fifth for defendant. The trial court further found that all five voters who were denied the right to vote, as well as plaintiff and defendant, sufficiently objected to the election irregularity. The record fully supports this finding.
In the case of Fontenot v. Lee, 348 So.2d 760 (La.App. 3rd Cir.1977), the court stated:
“This court in the case of Love v. Cross [158 So.2d 614 (3rd Cir.1963) ] supra, indicated that there may be times when the irregularities are such that it would be impossible for the plaintiff to have protested them on election day. The alleged irregularities in the instant case are of that nature. Once Mr. Reed cleared the machine, it would have been a vain and useless thing for Valcour Fon-tenot to protest at the scene. The same is true in the instance where voters were directed to the wrong machines and com *996 menced voting before they realized the mistake.”
Also see Ingram v. Seal, 445 So.2d 3 (La.App. 1st Cir.1983).
This trial court concluded that the effect of the five qualified voters being denied the right to vote would have changed the result of the election between plaintiff and defendant by causing a tie and making it impossible to determine the result. Under the circumstances presented in this case, we do not find that these conclusions were manifestly erroneous. See also Haynes v. Williams, 446 So.2d 750 (La.App. 1st Cir.1983).
Accordingly, the judgment of the trial court voiding the November 21,1987 general election between appellant and appellee for the office of Police Juror for District 9, Bossier Parish, Louisiana, and ordering a new restricted general election for that post to be held December 19, 1987 is affirmed.
AFFIRMED.

. Although appellee argues that defendant did in fact subpoena all the commissioners, the record does not indicate this and we do not rest our holding on this ground.