675 So.2d 1138 (1996)
Andy VALENCE
v.
Robert ROSIERE, W. Fox McKeithen, as Secretary of State for the State of Louisiana and Jerry Fowler, as Commissioner of Elections for the State of Louisiana.
No. 96-CA-390.
Court of Appeal of Louisiana, Fifth Circuit.
May 9, 1996.
*1139 Gerald J. Nielsen, Metairie, for Andy Valence, Plaintiff/Appellant.
Wayne C. Guidry, Grand Isle, for Robert Rosiere, Defendant/Appellee.
Sheri M. Morris, Baton Rouge, for W. Fox McKeithen, Secretary of State, Defendant/Appellee.
Carey T. Jones, Denham Springs, for Jerry Fowler, Commissioner of Elections, Defendant/Appellee.
Before GOTHARD, CANNELLA and DALEY, JJ.
DALEY, Judge.
This is an election contest concerning the mayoral election in Grand Isle, Louisiana. The incumbent, Andy Valence, plaintiff, received 524 votes to 541 votes received by Robert Rosiere, defendant, a difference of 17 votes. Valence filed a "Petition to Contest Election" alleging that but for substantial irregularities, errors, fraud and other unlawful activities committed by Rosiere and/or his supporters he would have been reelected Mayor of Grand Isle. Defendants, Rosiere, the Secretary of State, W. Fox McKeithen, and Commissioner of Elections, Jerry Fowler, filed exceptions of No Cause of Action alleging Valence did not timely contest the qualification of certain voters as required by statute and thus the challenge is waived pursuant to LSA-R.S. 18:1434. Rosiere also sought sanctions against Valence and his counsel for filing a frivolous lawsuit.
Plaintiff alleges defendant and his supporters stole the mayoral election from him and the people of Grand Isle by participating in widespread acts of fraud and irregularities, mainly through absentee voting. The votes cast by machine resulted in 443 votes for Valence and 412 votes for Rosiere. The absentee vote totaled 210, eighty-one for Valence and 129 for Rosiere. The result being a 17-vote victory margin for defendant, Rosiere.
Based on the requirement of R.S. 18:1315 that absentee votes are to be challenged at least four days before the election, the trial court granted the Exception of No Cause of Action and dismissed Valence's suit. The request for sanctions was denied. Valence appeals. Rosiere answered the appeal seeking sanctions against Valence and his counsel. For the following reasons, we vacate the granting of the Exception of No Cause of Action and remand this matter to the trial court for trial.
For the purpose of determining the validity of an Exception of No Cause of Action all well pleaded allegations of fact are accepted as true and must be construed most favorably from the plaintiff's standpoint to afford him an opportunity to present his evidence at a trial. Brunet v. Evangeline Parish Bd. Of Sup'rs. of Elections, 376 So.2d 633 (La.App. 3 Cir.1979). General charges of fraud and irregularities are not sufficient to state a cause of action. Dowling v. Orleans Parish Democratic Committee, 235 La. 62, 102 So.2d 755 (1958); Garrison v. Connick, 291 So.2d 778 (La.1974); Lewis v. Democratic Executive Committee, 232 La. 732, 95 So.2d 292 (1957). However, "if the court finds the proven frauds and irregularities are of such a serious nature as to deprive the voters of the free expression of their will, it will decree the nullity of the entire election even though the contestant might not be able to prove that he would have been [elected] but for such fraud and irregularities." Dowling, supra at p. 762; Garrison, supra at p. 781. Generally however, the allegations of the petition must show a sufficient number of contested votes to change the results of the election or the exception will be maintained. LSA-R.S.18:1432(A)[1]; Davis v. McGlothin, *1140 524 So.2d 1320 (La.App. 3 Cir.1988), writ denied 525 So.2d 1046 (La.1988); Dumas v. Jetson, 446 So.2d 744 (La.App. 1 Cir.1983).
Defendants contend plaintiff is precluded from challenging individual absentee voters or regular voters because he did not timely contest the voters pursuant to the Revised Statutes, Title 18, Sections 1315 and 1434 and thus has waived any objection. The trial court agreed and found Valence waived all challenges to voters not formally lodged during the voting process.
R.S. 18:1315 provides in pertinent part:
CHALLENGE OF ABSENTEE BALLOT
A. (1) A candidate or his representative, a member of the board, or a qualified elector may challenge an absentee ballot for the grounds specified in R.S. 18:565(A), by personally filing his written challenge with the registrar, no later than the fourth day before the election for which the ballot is challenged. Such challenge shall be on a form provided by the commissioner of elections.
* * * * * *
B. During the counting and tabulating of absentee ballots, any candidate or his representative, member of the board, or qualified elector may challenge an absentee ballot for cause, other than those grounds specified in R.S. 18:565(A).
* * * * * *
R.S. 18:565(A) provides as follows:

CHALLENGE OF VOTERS
A. Grounds for challenge.
A commissioner, watcher, or qualified voter may challenge a person applying to vote in a primary or general election on the ground that:
(1) The applicant is not qualified to vote in the election,
(2) The applicant is not qualified to vote in the precinct, or
(3) The applicant is not the person whose name is shown on the precinct register.
* * * * * *
Additionally, R.S. 18:1434 provides in pertinent part:
WAIVER OF OBJECTIONS TO VOTER QUALIFICATIONS WHEN VOTER IS NOT CHALLENGED AT THE ELECTION
An objection to the qualifications of a voter or to an irregularity in the conduct of the election which, with the exercise of due diligence, could have been raised by a challenge of the voter or objections at the polls to the procedure is deemed waived.
During oral argument counsel for Valence waived the allegations of Paragraph XIII of the petition alleging nonresident voters voted in the election and withdrew Paragraph XXIII of his petition alleging that ten persons voted twice. However, he maintains defendant and his supporters participated in illegal activities which still affected more than 17 votes, a number sufficient to cause a change in the declared winner of the election. Valence now narrows his claim to the following allegations:
1. Seven voters were allowed to vote in the runoff election despite filling out "Address Confirmation at Polls" wherein the voters indicated non-Grand Isle residences.
2. Twelve alleged signature forgeries on absentee ballots.
3. Violations of LSA-R.S. 18:564[2] and *1141 18:1310[3] by improper assistance in voting by Rosiere and his supporters.
Our review of the allegations of the petition shows plaintiff has alleged facts with sufficient particularity to state a cause of action to contest twenty voters. The alleged illegal activities included improper assistance by Rosiere in witnessing one request for an absentee ballot, a violation of LSA-R.S. 18:1310B(1), and the voting on election day by seven nonresidents who filled out an "Address Confirmation at Polls" and listed their residences outside of Grand Isle. Plaintiff further alleges one particular ballot was forged and that other questionable signatures were being reviewed by a handwriting expert at the time of filing the petition. On the date of trial the record reflects plaintiff was prepared to attack an additional eleven signatures which he alleges were forged. Plaintiff also alleges he was not able to ascertain this information despite due diligence with sufficient time to challenge the election pursuant to LSA-R.S. 18:1315 and 1434. See also Fanara v. Candella, 94-491 (La. App. 3 Cir. 4/18/94), 640 So.2d 406, 409, where the 3rd Circuit recognized that due diligence does not require a candidate to research every registered voter to determine their current eligibility to vote.
Accepting these allegations as true as required on an exception of no cause of action, plaintiff has sufficiently identified 20 alleged illegal votes which satisfies the requirements for stating a valid cause of action. Further, under the facts alleged and due to the nature of the alleged illegal activities, plaintiff's contention that, despite due diligence, he was unable to challenge these voters at the times required under Title 18 sections 1315 and 1434 must also be accepted as true for purposes of the exception. The merits of Valence's allegations are not before us and we express no opinion on the validity of the claims asserted.
Accordingly, the allegations of Valence's petition are sufficient to state a cause of action requiring a trial on the merits concerning the allegations of forgery of ballots, nonresident voting as identified by the "Address Confirmation at Polls" and illegal assistance of voters by the defendant, Rosiere.
Based on our decision herein, defendant Rosiere's request for sanctions is denied.
Accordingly, the trial court judgment granting the exceptions of no cause of action is vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion. Each party to bear their respective costs of this appeal.
JUDGMENT VACATED CASE REMANDED FOR TRIAL
NOTES
[1] LSA-R.S. 18:1432(A) provides:

A. If the trial judge in an action contesting an election determines that: (1) it is impossible to determine the result of election, or (2) the number of qualified voters who were denied the right to vote by the election officials was sufficient to change the result in the election, if they had been allowed to vote, or (3) the number of unqualified voters who were allowed to vote by the election, officials was sufficient to change the result of the election if they had not been allowed to vote, or (4) a combination of the factors referred to in (2) and (3) herein would have been sufficient to change the result had they not occurred, the judge may render a final judgment declaring the election void and ordering a new primary or general election for all the candidates, or, if the judge determines that the appropriate remedy is the calling of a restricted election, the judge may render a final judgment ordering a restricted election, specifying the date of the election, the appropriate candidates for the election, the office or other position for which the election shall be held, and indicating which voters will be eligible to vote.
[2] LSA-R.S. 18:564(A) and (B) provide:

A. Voters entitled to assistance. A voter shall not receive assistance in voting unless he is unable to read, or is unable to vote without assistance because of a physical handicap, including blindness.
B. Persons prohibited from assisting voters.
(1) No candidate in any election shall assist any voter in casting his ballot in that election.
(2) No commissioner-in-charge can assist a voter.
(3) No employer or employer's agent can assist an employee in voting.
(4) No union agent can assist a union member in voting.
(5) Except as provided in Paragraphs (1) through (4) of this Subsection, a voter entitled to assistance in voting may receive the assistance of any person of his choice, including a commissioner.
[3] LSA-R.S. 18:1310(A) and (B)(1) concerning absentee ballots provide:

A. When a voter receives the absentee voting materials by mail or in person, he first shall fill in all blanks on the certificate on the ballot envelope flap. The voter then shall mark the ballot according to the printed instructions on its face. Then the voter shall place the ballot in the envelope, seal the envelope, and sign the certificate on the ballot envelope flap.
B. (1) No candidate in any election shall assist any voter in casting his ballot in that election.