hPER CURIAM.
This is an election contest proceeding wherein William Newehureh, candidate for *351 the office of Police Juror in Ward 6, Assumption Parish, alleges that irregularities and errors, sufficient to affect the outcome of the election, exist in regard to the general election held on November 18,1995.
Named as defendants were Calvin J.C. James, the winning candidate, Walter “Fox” McKeithen, Secretary of State, for the State of Louisiana and Jerry M. Fowler, Commissioner of Elections for the State of Louisiana.
The trial of this matter took place on December 1, 1995, in Napoleonville, Louisiana before the Honorable William V. Redmann, Judge Ad Hoe. The trial court rendered judgment in favor of defendants and against plaintiff finding the four voters, who voted by mail-in absentee ballot, were not unqualified to vote in the election. The trial court also found the one in person voter who was challenged was not an unqualified voter. It is from that ruling plaintiff appeals.
William Newchureh and Calvin James were the two candidates for Police Juror-Ward 6, Assumption Parish for the election held November 18, 1995. Plaintiff objected to the mail-in ballots cast by Freddie Nelson, Naomi Jones, Bruce Knockum and Vivian Walker. Plaintiff also objected and challenged Douglas Myles on election day based on his failure to produce valid identification prior to voting.
La.R.S. 18:1303(B) provides in pertinent part:
B. By Mail. The following persons, otherwise qualified to vote, who expect to be out of the parish on election day, may vote absentee by mail upon meeting the requirements of this Chapter.
(4) A person who is or who expects to be temporarily outside the territorial limits of the state or absent from the parish in which he is qualified to vote during the absentee voting period and on election day;
The trial court found more probably than not the four mail-in voters named in the petition knew when they mailed or caused to be mailed their applications for mailed ballots they would not be out of the parish during the absentee-voting period as intended by ^La.R.S. 18:1303(B)(4). Nevertheless, the trial judge found these four voters were not unqualified to vote in the election within La. R.S. 18:1432(A)(3).
We agree with the trial court that a voter who votes by absentee ballot cannot be challenged on the grounds they remained in town on election day. We agree with our brethren of the third circuit wherein they stated.in Davis v. McGlothin, 524 So.2d 1320 (La.App. 3rd Cir.), writ denied, 525 So.2d 1046 (La.1988) as follows:
Absentee Voters
The trial court struck eight names from plaintiffs challenge list who voted by absentee ballot but were in town on election day. We agree with the trial court that a voter who votes by absentee ballot cannot be challenged on the grounds that he remained in town on election day. LSA-R.S. 18:1305 merely prohibits a person who has voted by absentee ballot from voting at the polls on election day. The trial court correctly struck these eight voters from plaintiffs challenge list.
Plaintiff also challenged the vote cast by Douglas Myles on election day alleging that Mr. Myles produced insufficient identification to be allowed to vote. The trial court found Mr. Myles was not an unqualified voter. Based on the evidence of record, we find there is a sufficient factual basis for this finding and that it is not manifestly erroneous.
Because we find the four mail-in voters were not unqualified and there is otherwise an insufficient number of unqualified votes to change the result of the election, we affirm the judgment of the trial court.
AFFIRM.
GONZALES J., concurs and assigns reasons and concurs in the concurrence with the reasons set out by CARTER, J.
CARTER, KUHN and PITCHER, JJ., concur with reasons.
JiCARTER, GONZALES, PITCHER and KUHN, Judges, concurring.
We agree that the result reached by the majority is legally correct. However, this *352 area of the Louisiana Election Code should be revisited by the Louisiana legislature so as to include as a possible sanction for violation of LSA-R.S. 18:1303(B)(4) the disqualification of the voter.
1 iGONZALES, Judge, concurring.
In the statements proffered in this case, the voters clearly stated that they were neither out of the state or had any intention of being out of the state at the time of absentee voting (both could have qualified to vote absentee under other provisions of the election code) on election day. Although the trial court excluded this evidence, it is obvious that the trial court considered this evidence, because he made the factual finding that it was more probable than not that the voters in question did not intend to be out of the state, nor were they in fact out of the state at the two relevant time periods. How he concluded this as to the other two voters, Bruce Knoekum and Freddie Nelson, is not reflected in the record. The statements of Naomi Jones and Vivian Walker are clearly admissible under La.Code of Evidence articles 804(A)(4) and (B)(3) as statements against interest by witnesses who are unavailable. There are criminal sanctions in the Election Code for persons who violate the provisions of the Election Code. See La.R.S. 18:1461.
I believe the statute provides that only persons who are out of the state or intend to be out of the state are qualified to vote by mail. The trial court made a factual finding that the challenged voters were not absent from the state, nor did they intend to be absent from the state during the absentee balloting. Or on election day. This fact finding is correct, at least as to two voters and it cannot be changed upon the record before us. The trial court then went on to conclude that despite the language of the statute, persons are qualified to vote by mail whether they are absent from the state or whether they intend to be absent from the state at the relevant time set out in the statute. I believe this is an error of law and an erroneous interpretation of the statute. Law is an expression of the legislative will. The legislature in this statute has made it clear that only a certain category of persons are qualified to vote by mail, and if persons do not meet that criteria, they are not qualified to vote by mail. Therefore, 11 gbelieve at least Naomi Jones and Vivian Walker did not qualify and this irregularity was sufficient to invalidate their ballots.
The next and more difficult issue addresses solely the question of whether or not voter Douglas Myles properly identified himself when challenged at the poll. The statute requires that a voter present either his driver’s license, voter registration or other identification card. In this case, the voter did not present any of these documents, but alternatively, presented two envelopes with what he claimed to be his name. The commissioner-in-charge said she believed she knew him and decided that there was sufficient identification. The trial court, viewing all these facts, determined that a proper identification had been made. This issue of identification was a fact finding by the trial court which cannot be overturned by us, except upon a finding of manifest error. Because of the reluctance of appellate courts to overturn the results of elections, I believe a higher standard has been imposed on the appellate courts on fact finding in elections suits. Therefore, I believe we are bound by this factual finding even though we may disagree with it; therefore, I concur in the result.