427 So.2d 1 (1983)
Hilry HUCKABY, III, Plaintiff-Appellant,
v.
Orie HUNTER, Jr., Individually, and as Clerk of Court for the Parish of Caddo; and as Chairman, Board of Supervisors of Elections, Parish of Caddo; A.W. Fulco, Gard Wayt, Roy Brun, and George Burton, Jr., Individually and as Members; Williams (Bill) Kelly, and James (Jim) Brown, Secretary of State of Louisiana, Defendants-Appellees.
No. 15353-CA.
Court of Appeal of Louisiana, Second Circuit.
January 3, 1983.
Writ Denied January 6, 1983.
Robert C. Williams, Baton Rouge, William C. Monroe, Shreveport, R. Judge Eames, Baton Rouge, for plaintiff-appellant.
Pugh & Pugh by Robert G. Pugh, William J. Guste, Jr. by Charles E. Welsh, Shreveport, for defendants-appellees.
Before PRICE, HALL, MARVIN, JASPER E. JONES, FRED W. JONES, Jr., SEXTON and NORRIS, JJ.
PER CURIAM.
After review of the transcript of evidence and hearing oral argument this court finds no manifest error in the conclusions reached by the trial court that plaintiff has failed to prove by a preponderance of the evidence that except for the power failure which reduced the voting time at precincts 51 and 59 by approximately one hour, he would have been elected City Judge.
Therefore, for the reasons to be assigned in a written opinion to be later filed, the judgment appealed is amended to specify *2 the vote count of each candidate to this proceeding is as follows:

Charles W. (Bill) Kelly  14,214 Votes
Hilry Huckaby, III  13,962 Votes

The judgment is further amended to declare Charles W. (Bill) Kelly duly elected to the office of City Judge, Division B, of the Shreveport City Court.
The judgment as amended is otherwise affirmed at appellant's cost.
The order issued by this Court on December 29, 1982, continuing the injunction previously issued by the District Court is hereby recalled and this Court certifies to the Secretary of State, State of Louisiana, that the Court has obtained all the information from all the voting machines necessary for the trial of this matter, and the Secretary is free to clear all voting machines.
PRICE, Judge.
This is an appeal from the trial court judgment upholding the results of the election for City Judge of Division B of the City Court of Shreveport, held on December 11, 1982. The plaintiff, Hilry Huckaby, III, who received 13,962 votes, sought to contest the election of his opponent, Charles W. (Bill) Kelly, who received 14,214 votes, because of alleged irregularities or fraud in the conduct of the election.
The basis of Huckaby's complaint is an electrical power failure caused by a tree limb falling across a power line which resulted in a disruption of voting at two precincts, Numbers 51 and 59, from about 4:23 p.m. until about 5:15 p.m. Huckaby contends that except for the power failure and the failure of the election commissioners to properly handle the situation, he would have received enough additional votes in those precincts to have changed the result of the election. In these predominantly black precincts, Huckaby received 503 votes to Kelly's 5 in Number 51 and 215 votes to Kelly's 57 in Number 59. Huckaby is of the black race and Kelly is white.
Huckaby alleged and sought to prove that more than 300 voters were prevented from voting at these two precincts because of the electrical power difficulty which rendered the voting machines inoperable for nearly an hour during a peak voting time.
The trial court in comprehensive reasons for judgment correctly reviewed the applicable provisions of the election code which provide that plaintiff must allege that except for substantial irregularities, error or other unlawful activities in the conduct of the election, he would have been elected.[1] Further, that if the trial court finds the number of qualified voters who were denied the right to vote by the election officials was sufficient to change the result of the election, the court may declare the election void and order a new election.[2] *3 The court correctly pointed out that it had no authority to only allow a revote in the precincts involved.
The trial court found that there was no showing of any fraud or unlawful activities on the part of any election official or commissioner on the date of the election. The court found that the actions of the commissioners following the power failure were in accord with their instructions  that is to notify the clerk of court. The court further found that at most there were 75 persons in line at Precinct # 51 at the time of the power failure who may have left and not returned to vote at a later time. The court found that not more than 15 persons could have been similarly affected at Precinct # 59 and that the total number at both precincts would not exceed 150 votes which would be far short of the vote necessary for plaintiff to overcome the 252 vote margin between plaintiff and his opponent.
Plaintiff did not file a brief or make specific assignments of error on his appeal. As we understand his complaints on oral argument, he contends that the law as interpreted by the trial court requires an insurmountable burden upon plaintiff contesting an election under circumstances such as are involved in this case. He contends that disruption of voting for the period during the power outage was tantamount to a closure of the polling precincts during this time and contrary to the statute requiring the polling precincts to be open from 6:00 a.m. to 8:00 p.m.
Plaintiff also contends the voting machines at each precinct are capable of being manually operated and that the failure of the commissioners to take immediate steps to begin manual operation when the power failed was contrary to the election laws. These irregularities he contends are substantial and are sufficient to justify the ordering of a new election. This position is contrary to the clear provisions of LSA-R.S. 18:1432 and the jurisprudence.
The Louisiana Supreme Court, in the case of Kelly v. Village of Greenwood, 363 So.2d 887 (La.1978), interpreted this statute by stating:
"In order to successfully contest an election, the challenger must not only allege that, except for irregularities or fraud in the conduct of the election, the result would have been different, but must prove that the alleged irregularity or fraud resulted in one or more of the causes for declaring an election void under La.R.S. 18:1432, which provides:
The final judgment in an election contest shall declare the election void if: (1) it is impossible to determine the result of election, or (2) the number of qualified voters who were denied the right to vote by the election officials was sufficient to change the result in the election, if they had been allowed to vote, or (3) the number of unqualified voters who were allowed to vote by the election officials was sufficient to change the result of the election if they had not been allowed to vote, or (4) a combination of the factors referred to in (2) and (3) herein would have been sufficient to change the result had they not occurred." Id. at p. 889.
In an earlier case, Moreau v. Tonry, 339 So.2d 3 (La.1976), involving a contest between two candidates, the Supreme Court again faced this issue and held that:
"The statutory rule in Louisiana is that an election may be upset only if the one contesting the election can show that `but for irregularities or fraud he would have been nominated...' (R.S. 18:364(B)).

*4 If the candidate cannot prove he would have been elected `but for irregularities or fraud,' our jurisprudence refers to an alternative: if the court finds the proven frauds and irregularities are of such a serious nature that the voters have been deprived of the free expression of their will, the election will be nullified.
`... For this Court to render such a drastic order, there must be a clear showing that a course of fraudulent conduct was employed which effectually prevented the electors from expressing their will.' Lewi's v. Democratic Executive Committee, 232 La. 732, 95 So.2d 292 (1957).
No case has been called to our attention (and we know of none) where an election has been upset because of serious and pervasive irregularities when the evidence falls short of proving that `but for' the irregularities, the one contesting the election would have won." Id. at 4.
Without a clear showing by a candidate that the outcome of an election would have been different except for the irregularities alleged, there would be no justification for causing the public the additional expense and inconvenience of a new election. The legislature, by enacting Section 1432, obviously recognized that there will be irregularities and errors made in the conduct of elections and that the mere occurrence of same would not be sufficient to justify another election in the absence of a showing that the result would have been different except for the fraud, error or other irregularity shown.
Plaintiff also argues that the trial court failed to consider the so-called "ripple effect" in the area of the subject precincts when voters heard of the disruption of voting at these precincts and believed it was useless to attempt to vote. While there may have been some such effect resulting from the power failure, it is impossible to ascertain with any degree of certainty just how many voters were misled and failed to vote on this basis. Therefore, such a postulation is too speculative to be helpful to plaintiff in carrying his burden of proof.
From our examination of the record we find the trial court was liberal with plaintiff in its calculation of the maximum number of votes which plaintiff could have lost because of the temporary interruption in voting at the precincts in question and that this number, 150, would not have affected the outcome of this election.
For the foregoing reasons, the judgment appealed is amended to specify the vote of each candidate to this proceeding is as follows:

Charles W. (Bill) Kelly  14,214 Votes
Hilry Huckaby, III  13,962 Votes

The judgment is further amended to declare Charles W. (Bill) Kelly duly elected to the office of City Judge, Division B, of the Shreveport City Court.
The order issued by this Court on December 29, 1982, continuing the injunction previously issued by the District Court is hereby recalled and this Court certifies to the Secretary of State, State of Louisiana, that the Court has obtained all the information from all the voting machines necessary for the trial of this matter, and the Secretary is free to clear all voting machines.
The judgment as AMENDED is otherwise AFFIRMED at appellant's cost.
NOTES
[1] LSA-R.S. 18:1406  A. An action objecting to candidacy or contesting an election shall be instituted by filing a petition in a court of competent jurisdiction and venue and posting a copy of the petition in a conspicuous place at the entrance of the office of the clerk of court where the petition is filed.

B. The petition shall set forth in specific detail the facts upon which the objection or contest is based. If the action contests an election, the petition shall allege that except for substantial irregularities or error, fraud, or other unlawful activities in the conduct of the election, the petitioner would have qualified for a general election or would have been elected. The trial judge may allow the filing of amended pleadings for good cause shown and in the interest of justice.
C. The defendant shall be served with citation directing him to appear in court at 10:00 a.m. on the fourth day after suit was filed, subject, however, to the provisions of LSA-R.S. 18:1408(D). The defendant is not required to answer the petition, but if he answers, he shall do so prior to trial.
[2] LSA-R.S. 18:1432  A. If the trial judge in an action contesting an election determines that: (1) it is impossible to determine the result of election, or (2) the number of qualified voters who were denied the right to vote by the election officials was sufficient to change the result in the election, if they had been allowed to vote, or (3) the number of unqualified voters who were allowed to vote by the election officials was sufficient to change the result of the election if they had not been allowed to vote, or (4) a combination of the factors referred to in (2) and (3) herein would have been sufficient to change the result had they not occurred, the judge may render a final judgment declaring the election void and ordering a new primary or general election for all the candidates, or, if the judge determines that the appropriate remedy is the calling of a restricted election, the judge may render a final judgment ordering a new election and specifying the date of the election, the appropriate candidates for the election, and the office or other position for which the election shall be held.

B. If the trial judge determines that an action contesting an election or objecting to candidacy was filed frivolously, he may award all costs of court, plus a reasonable attorney fee, plus damages, to the defendant.