b The plaintiff-appellant, Bobbie K. Pi-tre, filed suit to have the April 7, 2001 judicial election for Division “A” declared null and void. From a ruling of the trial court granting a judgment of involuntary dismissal in favor of defendant and inter-venors, the plaintiff appeals. We find the appeal to be without merit and not supported by one scintilla of evidence.
In this judicial election, there were two candidates, the plaintiff, Bobbie K. Pitre, and Kent Savoie. Mr. Pitre received 516 votes, while Mr. Savoie received 5,283 votes. On April 12, 2001, Mr. Pitre filed a petition naming only the Secretary of State as a defendant. The petition to recall the election results and for injunctive relief, alleged that many of the qualified voters who usually vote, did not vote in this election. The petition stated that “if fear, distortion, intimidation or communicated lies, among other possibilities, including extreme and obvious miscommuni-cation from less than partial and credible sources, prevailed in an individual’s decision to cast a vote or not is self explanatory; this would obviously be unconstitutional and said election results would be overturned.” The petition sought that the judicial election held on April 7, 2001, be declared null and void due to the fact that it was impossible to determine the result of the election and that a number of qualified voters were denied the right to vote by election officials sufficient to change the result of the election. Mr. Savoie intervened in the proceedings along with the Commissioner of Elections. A hearing was set for April 16, 2001. At the trial on the merits, five witnesses were questioned by the plaintiff. When the plaintiff rested his case, the defendants moved for a judgment of involuntary dismissal. The trial court granted the judgment of involuntary dismissal, finding that there was an absence of |¡>“any evidence of anything that would give any reason to overturn this election.” It is from this ruling which appellant appeals. The defendant and intervenors filed motions to dismiss the appeal for untimeliness.

*125
TIMELINESS OF APPEAL

The defendant and intervenors filed motions to dismiss the appeal based on untimeliness. They argue the judgment was rendered at 6:10 P.M. on April 16, 2001, and that the plaintiff did not file his appeal until 9:06 A.M. on April 18, 2001, which is beyond the twenty-four hour time limit established by La.R.S. 18:1409.
Pursuant to La.Code Civ.P. art. 2121, an appellant may either request an appeal orally or by written motion. It is clear from the record that Mr. Pitre orally requested an appeal from the trial court’s ruling on the date of the hearing. We find his oral request for an appeal timely and need not address the timeliness of the written motion.

MERITS

In Arvie v. Skinner, 98-1769, p. 4 (La. App. 3 Cir. 11/24/98), 722 So.2d 90, 93, writ denied, 98-2935 (La.12/3/98), 731 So.2d 270, quoting Colvin v. Franklin Parish School Board, 28,718 (La.App. 2 Cir. 2/22/96), 668 So.2d 1310, this court stated the plaintiffs burden of proof in an election contest is as follows:
In an election contest which seeks to have the results of an election declared null and void, the plaintiff bears the burden of proof. The plaintiffs burden is two-fold. The plaintiff must first prove either fraud or irregularities are present. Then the plaintiff must prove that, but for the fraud or irregularities, the outcome of the election would have been different. Huckaby v. Hunter, 427 So.2d 1 (La.App. 2d Cir.1983), writ denied, 427 So.2d 1197 (La.1983). In Moreau v. Tonry, 339 So.2d 3 (La.1976), the Louisiana Supreme Court rejected the argument advanced by the plaintiff that if the number of irregularities exceed the difference between the candidates, the outcome of the election cannot be determined. The Moreau court held that an election may only be upset if the Done contesting the election can show that, but for irregularities or fraud, the election result would have been different.
In the present case, the plaintiff called five witnesses to testify: Wayne Frey, an Assistant District Attorney for Calcasieu Parish, who is the Chief Felony Prosecutor; Darren Martin, District Manager for the Department of Elections; Jimmy Andrus, Clerk of the Fourteenth Judicial District Court; Paulette Dartez, Election Coordinator for the Cal-casieu Parish Clerk of Court’s Office; and Angela Quienalty, Registrar of Voters for Calcasieu Parish. Testimony of all five witnesses was essentially the same. The cumulative testimony of the plaintiffs witnesses clearly proved that there were no irregularities in the April election, and that there were no mechanical malfunctions of the machines other than a printer being offline which was easily corrected. There was no evidence presented to show that a single voter was denied his right to vote during the election. There was not a scintilla of evidence offered at the hearing to support any of the plaintiffs vague allegations. We therefore find plaintiffs appeal totally baseless and without any merit.
For these reasons the judgment of the lower court is affirmed at appellant’s cost.

AFFIRMED.