815 So.2d 1032 (2002)
Shedrick POWELL
v.
DeHyCO, INC.
No. 01-1029.
Court of Appeal of Louisiana, Third Circuit.
February 13, 2002.
*1033 Donald Joseph Brannan, Simon, Peragine, Smith & Redfearn, L.L.P., New Orleans, LA, Counsel for Defendant/Appellee DeHyCo, Inc.
Joseph J. Weigand, Jr., Weigand & Dodd, Houma, LA, Counsel for Plaintiff/Appellant Shedrick Powell.
Gregory Patrick Nolan, Simon, Peragine, Smith & Redfearn, L.L.P., New Orleans, LA, Counsel for DeHyCo, Inc.
Ted Williams, Johnson, Stiltner & Rahman, Baton Rouge, LA, Counsel for Intervenor Louisiana Workers' Compensation Corp.
Court composed of JOHN D. SAUNDERS, OSWALD A. DECUIR, and GLENN B. GREMILLION, Judges.
DECUIR, Judge.
Shedrick Powell filed this suit for damages against DeHyCo, Inc. after sustaining injuries while loading drill pipe onto a vessel. The Louisiana Worker's Compensation Corporation intervened in the suit, seeking reimbursement of benefits paid to Powell. Finding Powell to be the borrowed servant of DeHyCo under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., the trial court held that DeHyCo was immune from tort liability and dismissed Powell's suit. Powell and LWCC now appeal; for the following reasons, we affirm.
Powell was regularly employed by Trussco, Inc., a vessel cleaning service. At times when Trussco did not have enough work for its employees, the employees would be available to work for DeHyCo, an oilfield service company in the business of loading and unloading vessels. Powell was working for DeHyCo under these circumstances when he was injured due to the negligence of a DeHyCo crane operator. This was a factual finding made by the trial court and is not at issue in this appeal. Powell received workers' compensation benefits under § 904(a) of the LHWCA from Trussco; he did not assert a claim for benefits against DeHyCo.
Also not at issue in this appeal is the trial court's conclusion that Powell was the borrowed employee of DeHyCo at the time of his accident. In its reasons for judgment, the trial court reviewed the facts and determined that the circumstances of Powell's job with DeHyCo rendered him DeHyCo's borrowed employee under the LHWCA and its interpretive case law, i.e., Ruiz v. Shell Oil Co., 413 F.2d 310 (5th Cir.1969). Accordingly, under § 905(a) of the LHWCA, the trial court held that, because Powell was a borrowed employee, DeHyCo, the borrowing employer, was immune from tort liability for the negligence of its employee. This decision was based on Section 905(a), which provides that the LHWCA shall be the employee's exclusive remedy against his employer. The liability of the employer under the LHWCA is exclusive and in place of all other liability, except that if the employer fails to secure payment of compensation as required, the injured employee may elect either to claim compensation as provided by the Act or to maintain an action at law. 33 U.S.C. § 905(a).
On appeal, Powell and the LWCC argue that DeHyCo is not immune from tort liability as the borrowing employer because DeHyCo did not pay Powell's workers' compensation benefits. In support of *1034 this contention, they cite language from Judge Tate's concurring opinion in West v. Kerr-McGee Corp., 765 F.2d 526 (5th Cir. 1985). Judge Tate indicated that, in his view, the only employer who is immune from tort liability is the employer who has actually paid LHWCA benefits. The appellants suggest that the language of the LHWCA supports this opinion, but they offer no judicial authority for their position. Powell and the LWCC argue that the federal courts have judicially created tort immunity for general contractors under the borrowed servant doctrine, and this result is contrary to the language of the LHWCA.
DeHyCo has cited federal cases which uphold the tort liability immunity to a borrowing employer and specifically repudiate Judge Tate's concurring comments in West. See Total Marine Servs., Inc. v. Director, Office of Worker's Comp. Program, 87 F.3d 774, 778 (5th Cir.1996); Temporary Employment Servs. v. Trinity Marine Group, 261 F.3d 456 (5th Cir. 2001). These cases hold that the only liability assessed against a borrowing employer is for reimbursement of the compensation benefits paid to or on behalf of its borrowed employee. DeHyCo admits, therefore, that it is responsible for reimbursing Trussco for the LHWCA benefits that Trussco paid to Powell.
We agree with the trial court's decision to uphold the tort immunity provision of the LHWCA. The consistent federal jurisprudence on the issue presented herein persuades us that the trial court's holding was correct. We disagree with the suggestion that only the employer who has actually paid compensation benefits pursuant to the LHWCA is entitled to tort immunity. For these reasons, the judgment rendered below is affirmed, and costs of this appeal are assessed to the appellants.
AFFIRMED.
SAUNDERS, J., dissents and assigns reasons.
SAUNDERS, J. dissenting.
Because I find that under the LHWCA DeHyCo is not immune from tort liability as a borrowing employer, I respectfully dissent from the majority's opinion.
The majority is basing its finding on prior jurisprudence that has created tort immunity for a general contractor using the "borrowed servant" doctrine. However, a review of the LHWCA illustrates that this finding is contrary to the clear language of the statute.
33 U.S.C.A. § 905(a) provides, in pertinent part:
For the purpose of this subsection, a contractor shall be deemed the employer of a subcontractor's employee only if the subcontractor fails to secure the payment of compensation as required by section 904 of this title.
Because of Louisiana's civilian tradition, Louisiana Courts must begin every legal analysis by examining primary sources of law, consisting of constitution, codes, and statutes; jurisprudence, even when it arises to the level of jurisprudence constante, is a secondary law source. Prytania Park Hotel, Ltd. v. General Star Indem. Co., 97-30635 (5th Cir.6/17/99); 179 F.3d 169. Judicial decisions are not intended to be an authoritative source of law, and, thus, the civilian tradition does not recognize the doctrine of stare decisis. Doerr. v. Mobil Oil Corp., 00-0947 (La.12/19/00); 774 So.2d 119.
As explained by Justice Tate's concurrence in West v. Kerr-McGee Corp., 765 F.2d 526 (5th Cir.1985), the LHWCA, as *1035 written, does not provide tort indemnity to a borrowing employer (contractor) unless the lending employer (subcontractor) fails to pay benefits under the LHWCA and the borrowing employer is forced to pay the benefits under the Act. Thus, only the employer who has actually paid compensation benefits under the LHWCA is entitled to tort immunity. Accordingly, in light of the clear and unambiguous statutory language to the contrary, I must respectfully dissent with the majority's finding in this case.