STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 14-1223


HEATHER MILEY CLOUD
VERSUS
TOM SCHEDLER IN HIS OFFICIAL
CAPACITY AS SECRETARY OF STATE
FOR THE STATE OF LOUISIANA, AND
BERT KEITH CAMPBELL


**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 75137-A
HONORABLE JOEL GERARD DAVIS, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT

JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and John E. Conery, Judges.


REVERSED AND REMANDED.

Joffre Wendel Fusilier
Attorney at Law
Post Office Box 528
Ville Platte, LA 70586
(337) 363-6661
COUNSEL FOR DEFENDANT/APPELLEE:
    Bert Keith Campbell

**Kenneth Ray Rush**
**Attorney at Law**
**Post Office Box 704**
**Oakdale, LA 71463**
**(318) 335-2759**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Bert Keith Campbell**

**Anne Elizabeth Watson**
**Dupre & Watson**
**232 N. Liberty St.**
**Opelousas, LA 70570**
**(337) 942-9790**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Heather Miley Cloud**

**Elbert Lee Guillory**
**Attorney at Law**
**633 E. Landry St.**
**Opelousas, LA 70570**
**(337) 942-6328**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Heather Miley Cloud**

**Stephen D. Hawkland**
**Attorney at Law**
**Post Office Box 94125**
**Baton Rouge, LA 70804**
**(225) 287-7475**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Secretary of State, State of Louisiana**

**PICKETT, Judge.**

The plaintiff, Heather Miley Cloud, appeals the trial court's judgment granting the exception of no cause of action filed by the defendant, Bert Keith Campbell. Finding that the trial court erred in granting the exception, we reverse the judgment and remand for further proceedings.

I.

**ISSUES**

We must decide whether the trial court erred in finding that Ms. Cloud's petition failed to state a cause of action for relief under the Election Code.

II.

**FACTS AND PROCEDURAL HISTORY**

Ms. Cloud filed a petition to contest the election held on November 4, 2014, resulting in Mr. Campbell's election to the office of Mayor of the Village of Turkey Creek. The named defendants are Mr. Campbell and Secretary of State Tom Schedler. Ms. Cloud's petition asserts that in the election, she, as the incumbent candidate, received 106 votes (49%), and Mr. Campbell received 110 votes (51%).

The petition asserts that four individuals were given money to vote for Mr. Campbell, which constitutes bribery under the Election Code at La.R.S. 18:1461. Ms. Cloud's petition asks the trial court to find that the four votes were illegal and fraudulent and, pursuant to La.R.S. 18:1431, should be subtracted from Mr. Campbell's total votes and added to Ms. Cloud's total votes. The petition asks the court to determine the results of the election and declare Ms. Cloud the

winning candidate. The petition alleges that three additional individuals provided affidavits that they were approached with offers and that those offers did not result in actual votes cast.

Mr. Campbell filed an answer and a motion to strike the paragraphs in Ms. Cloud's petition pertaining to the three individuals who did not cast votes.

The hearing on the petition to contest the election was held on November 17, 2014. At the beginning of the hearing, Mr. Campbell orally moved for a peremptory exception of no cause of action, which the trial court granted.

Ms. Cloud has appealed the matter to this court urging that we remand the case for a hearing on the evidence so that the trial court can subtract the illegal votes, declare a tie, and order a new election.

For the reasons that follow, we reverse the exception of no cause of action and remand the matter to the trial court for further proceedings.

III.

## STANDARD OF REVIEW

An appellate court conducts a de novo review of a trial court's ruling granting an exception of no cause of action because such exception raises a question of law. *Fink v. Bryant*, 01-987 (La. 11/28/01), 801 So.2d 346.

IV.

## LAW AND DISCUSSION

In her first two assignments of error, Ms. Cloud contends that the trial court erred in granting the defendant's exception based upon *Savage v. Edwards,*

98-1762 (La.App. 3 Cir. 11/23/98), 728 So.2d 428, *affirmed*, 98-2929 (La. 12/18/98), 722 So.2d 1004, which we will discuss together.[1]

"The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition." *Fink*, 801 So.2d at 348 (citing *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission*, 94-2015 (La. 11/30/94), 646 So.2d 885). "The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true." *Id*. at 349 (citing *City of New Orleans v. Bd. of Comm'rs*, 93-0690 (La. 7/5/94), 640 So.2d 237). "[A] petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief." *Id*. (citing *Haskins v. Clary*, 346 So.2d 193 (La.1977)).

Relevant to our findings, Ms. Cloud's petition asserts with specificity in the following paragraphs:

4.

Plaintiff, **HEATHER MILEY CLOUD**, hereby contests the election results due to fraud in the election and, if not for the fraud committed, Plaintiff would have been re-elected as the Mayor for the Village of Turkey Creek.

5.

Plaintiff, **HEATHER MILEY CLOUD**, attaches hereto, four (4) Affidavits as Exhibits 1-4 of voters who were bribed, as defined and set forth in Louisiana Revised Statute 18:1461 A(1). The Affiants were given

---

[1] Because we are reversing the judgment and remanding the matter for further proceedings, we pretermit discussion of the third assignment of error regarding whether the trial court erred in not hearing evidence on the exception.

money to influence the casting of their votes. Specifically, Affiants, Grace Ann Carpenter, Ricky Shaw Haviland, Michelle Lyne Haviland, and Todd William Tomerlin, were given $15.00 per vote and were given a piece of paper with the number 169 to vote for Defendant, **BERT KEITH CAMPBELL**, by Defendant's agents and with Defendant's knowledge and consent. Affiants attest that they intended to vote for Plaintiff, **HEATHER MILEY CLOUD**.

In addition to the bribe of $15.00 each to vote, Grace Ann Carpenter was also promised by Defendant, **BERT KEITH CAMPBELL**, and his agent, Stanley Leger, that she would lead the annual Turkey Creek Christmas parade and receive a trophy; and Todd William Tomerlin was promised a bicycle by Defendant, **BERT KEITH CAMPBELL**, for voting for Defendant.

. . . .

8.

Since the Plaintiff herein lost the election by four (4) votes, Plaintiff, **HEATHER MILEY CLOUD**, respectfully requests that this Honorable Court find that four (4) of the votes were illegal and fraudulent and, pursuant to Louisiana Revised Statute 18:1431, Plaintiff, **HEATHER MILEY CLOUD**, requests that this Honorable Court subtract said four (4) votes from the total votes cast for Defendant, **BERT KEITH CAMPBELL**, and add those four (4) votes to Plaintiff's total, and thereafter determine the results of the election and declare Plaintiff, **HEATHER MILEY CLOUD**, the winner of the election for position of Mayor for the Village of Turkey Creek.

In the affidavits attached to the petition, the subject voters stated that they did in fact vote in favor of the plaintiff's opponent.

The Election Code at La.R.S. 18:1461 defines bribery and provides the penalties and terms of imprisonment applicable to violators. It also provides the circumstances for immunity from prosecution. Pertinent to this appeal, the statute provides the following definition:

4

Bribery of voters is the giving or offering to give, directly or indirectly, any money, or anything of apparent present or prospective value to any voter at any general, primary, or special election, or at any convention of a recognized political party, with the intent to influence the voter in the casting of his ballot. The acceptance of, or the offer to accept, directly or indirectly, any money, or anything of apparent present or prospective value, by any such voters under such circumstances shall also constitute bribery of voters.

La.R.S. 18:1461(A)(1).

Thus, bribery of voters is illegal under the codal provisions governing elections in Louisiana. Contrary to the defendants' assertions, La.R.S. 18:1431, entitled, "Fraudulent or illegal votes; uncounted votes; determination of election result," provides authority for the trial court to subtract illegal votes from the recipient's total votes cast, and thereafter determine the result of the election. Here, the applicable language appears in the first and last sentences of that statute:

*When the court finds that one or more of the votes cast in a contested election are illegal or fraudulent, the judge* **shall subtract** *such vote or votes from the total votes cast for the candidate who received them if the contest involves election to office*, from the total vote for or against a proposition if the contest is of an election upon a proposition, or from the total vote for or against the recall of a public officer if the contest involves an election for the recall of a public officer. If the court determines that legal votes cast in the election were excluded in the total votes cast on a candidate, proposition, or recall, then these excluded legal votes shall be added to the total votes on the candidate, proposition, or recall to which they are attributable. *Thereafter, and after considering all the evidence, the court* **shall determine** *the result of the election*.

La.R.S. 18:1431 (emphasis added).

Accordingly, Ms. Cloud's petition and its attached affidavits state a cause of action under the first and last sentences of La.R.S. 18:1431 where it

asserts specific facts regarding specific individuals who offered and accepted money and items of value in exchange for votes cast, rendering those votes illegal as the product of bribery under La.R.S. 18:1461.

Both defendants, Mr. Campbell and Secretary of State Tom Schedler, have filed appellee briefs arguing that Ms. Cloud has failed to state a cause of action pursuant to the holdings in *Savage v. Edwards*, 728 So.2d 428, and its predecessor, *Davis v. McGlothin*, 524 So.2d 1320 (La.App. 3 Cir.), *writ denied*, 525 So.2d 1046 (La.1988). Both of those cases, however, are factually distinguishable, and neither holding turned upon the application of La.R.S. 18:1431.

In *Savage*, the trial court found it impossible to determine the true election results because of pervasive irregularities and declared the election null and void. This court reversed, finding that the result was determinable and that the plaintiff failed to satisfy the second prong of the two-prong test under La.R.S. 18:1432. More specifically, under La.R.S. 18:1432, the plaintiff must prove, that (1) fraud or irregularities were present; and (2) that the fraud or irregularities were sufficient in number to change the outcome of the election. There, the defendant won by 74 votes. In the final analysis, this court found that the plaintiff had only proved that 28 votes should be stricken from the defendant's total, which number was insufficient to change the outcome of the election. Therefore, the election should not have been declared null and void.

*Savage* followed the 1988 case of *Davis v. McGlothin*, 524 So.2d 1320. *Davis* also held that the number of *viable* challenges to the opponent's votes was insufficient to vary the outcome of the election. After analyzing all categories of irregularities, the trial court found no authority to challenge votes on the ground

that "four voters received or were promised compensation for their vote and two persons were intimidated by individuals other than election officials." *Davis*, 524 So.2d at 1323. This court affirmed, finding, somewhat broadly, that while La.R.S. 18:1461 and R.S. 14:119 made *such behavior* a crime, thereby lumping compensated votes, promised compensation, and intimidation all together within six challenges, it found no authority to disqualify the votes from the election. Without addressing La.R.S. 18:1431, the *Davis* court then explained that, even if the trial court was wrong in striking those six challenges, this would not have affected the outcome of the election under La.R.S. 18:1432.

Accordingly, we find that *Savage* and *Davis* are factually distinguishable and that the petition in this case alleges facts sufficient to state a cause of action under the first and last sentences of La.R.S. 18:1431.

V.

## CONCLUSION

Based upon the foregoing, we reverse the trial court's judgment granting Mr. Campbell's exception of no cause of action, and we remand the matter to the trial court for further proceedings. Costs of this appeal are assessed to the defendants, Bert Keith Campbell and Secretary of State Tom Schedler, in the amount of $1,500.00.

## REVERSED AND REMANDED.

7