# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 14-1261

**HEATHER MILEY CLOUD**
**VERSUS**
**TOM SCHEDLER IN HIS OFFICIAL**
**CAPACITY AS SECRETARY OF STATE**
**FOR THE STATE OF LOUISIANA, AND**
**BERT KEITH CAMPBELL**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 75137-A
HONORABLE JOEL GERARD DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SYLVIA R. COOKS

## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R.Cooks, Billy H. Ezell, Phyllis M. Keaty, Judges.

**REVERSED AND RENDERED.**

**Joffre Wendel Fusilier**
**Attorney at Law**
**Post Office Box 528**
**Ville Platte, LA 70586**
**(337) 363-6661**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Bert Keith Campbell**

**Kenneth Ray Rush**
**Attorney at Law**
**Post Office Box 704**
**Oakdale, LA 71463**
**(318) 335-2759**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Bert Keith Campbell**

**Anne Elizabeth Watson**
**Dupre & Watson**
**232 N. Liberty St.**
**Opelousas, LA 70570**
**(337) 942-9790**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Heather Miley Cloud**

**Elbert Lee Guillory**
**Attorney at Law**
**633 E. Landry St.**
**Opelousas, LA 70570**
**(337) 942-6328**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Heather Miley Cloud**

**Stephen D. Hawkland**
**Attorney at Law**
**Post Office Box 94125**
**Baton Rouge, LA 70804**
**(225) 287-7475**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Secretary of State, State of Louisiana**

**COOKS, Judge.**

The plaintiff, Heather Miley Cloud, appeals the trial court's judgment dismissing her petition to contest the election of the defendant, Bert Keith Campbell. Finding that the trial court erred as a matter of law, we reverse the dismissal of the petition and render judgment striking the illegal votes, declaring a tie between the candidates, and instructing the trial court to order a new election.

## I.

## ISSUES

We must decide whether the trial court erred in dismissing the petition contesting the election based upon its interpretation of *Savage v. Edwards*, 728 So.2d 428, *affirmed,* 98-2929 (La. 12/18/98), 722 So.2d 1004, and its predecessor, *Davis v. McGlothin*, 524 So.2d 1320 (La.App. 3 Cir.), *writ denied*, 525 So.2d 1046 (La.1988).

## II.

## FACTS AND PROCEDURAL HISTORY

This matter first came to this court on the trial court's granting of an exception of no cause of action, which we reversed and remanded for further proceedings. *See Heather Miley Cloud v. Tom Schedler In His Capacity as Secretary of State, and Bert Keith Campbell*, 14-1223 (La.App. 3 Cir. 11/21/14), __ So.3d __. It is before us again due to the trial court's dismissal of the suit following a trial on the merits.

Ms. Cloud, the incumbent mayor at the time of the November, 2014 election, filed a petition to contest the election of Mr. Campbell in the mayoral race in the Village of Turkey Creek. The named defendants are Mr. Campbell and

Secretary of State, Tom Schedler. In the election, won by a margin of four votes, Ms. Cloud received 106 votes (49%), and Mr. Campbell received 110 votes (51%).

The petition alleges that four individuals, whose affidavits were attached, were given money to vote for Mr. Campbell, which would constitute bribery under the Election Code, La.R.S. 18:1461. In her petition, Ms. Cloud asked the trial court to find the four votes illegal and fraudulent and, pursuant to La.R.S. 18:1431, these votes be subtracted from Mr. Campbell's total votes and added to Ms. Cloud's total votes. However, in her first appellant brief, Ms. Cloud asked that the four votes be stricken from Mr. Campbell's total number of votes, the court declare a tie, and order a new election.

At the beginning of the November 17, 2014 hearing on the petition to contest the election, Mr. Campbell orally moved for a peremptory exception of no cause of action, which the trial court granted. Ms. Cloud appealed. Finding that Ms. Cloud stated a cause of action under La.R.S. 18:1431, we reversed, distinguishing the two cases relied upon by the trial court. *See Heather Miley Cloud v. Tom Schedler In His Capacity as Secretary of State, and Bert Keith Campbell*, 14-1223 (La.App. 3 Cir. 11/21/14), __ So.3d __.

At the end of the November 24, 2014 trial on the merits, the trial court announced its findings of facts:

> All right well considering the testimony of the witnesses and the Court's assessment of the credibility of the witnesses, the evidence, the record and the applicable jurisprudence, the Court makes the following relevant findings of fact.

> Grace Ann Carpenter[, Rickey] Haviland, Michelle Haviland and Todd Tomerlin were registered and qualified to vote and did vote in the subject election.

2

The said four voters were each directly given $15.00 to vote in the said election with the intent to influence each of the voters in casting his or her ballot.

Further, the four said voters individually willfully accepted the $15.00 for their casting of their votes. Both the giving of the money and the accepting of the money each constitute a violation of Louisiana Revised Statute 18:1461.

The trial court then dismissed the petition contesting the election, finding that the bribed votes were not eligible for disqualification based upon the two cases previously distinguished by this court. Ms. Cloud appeals. For the reasons that follow, we reverse the dismissal, strike the four bribed votes, declare a tie between Cloud and Campbell, and instruct the trial court to order a new election.

III.

## STANDARD OF REVIEW

The Louisiana Constitution provides that the appellate jurisdiction of a court of appeal in a civil matter extends to both law and facts. La. Const. 1974, art. 5, § 10(B). Questions of law are reviewed *de novo*, with the judgment rendered "on the record, without deference to the legal conclusions of the tribunals below." *Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.*, 2006-0582[,] p. 9 (La.11/29/06), 943 So.2d 1037, 1045; *citing Louisiana Municipal Association v. State*, 2004-0227[,] p. 35 (La. 1/19/05), 893 So.2d 809, 836. This constitutional provision has also "been interpreted as giving an appellate court the power to decide factual issues *de novo*." *Ferrell v. Fireman's Fund Ins. Co.*, 1994-1252[,] p. 3 (La. 2/20/95), 650 So.2d 742, 745. However, while a court of appeal may have the constitutional **authority** to make a *de novo* review of a factual finding, the **exercise** of this power has been limited by the jurisprudential rule that a trial court's factual findings will not be upset unless they are manifestly erroneous or clearly wrong. *Brewer v. J.B. Hunt Transport, Inc.*, 2009-1408[,] p. 9 (La. 3/16/10), 35 So.3d 230, 237.

*Wooley v. Lucksinger*, 09-0571, p. 49 (La. 4/1/11), 61 So.3d 507, 554 (footnotes omitted) (emphasis in original).

V.

**<u>LAW AND DISCUSSION</u>**

We are not going to disturb the trial court's findings of fact. It is well-settled that the trial court is in a better position to determine the credibility of witnesses and should not be overturned in the absence of clear wrongness. *Rosell v. ESCO*, 549 So.2d 840, 844-45 (La.1989). We find in this case that the trial court made an error of law in improperly applying the holdings in *Savage v. Edwards*, 728 So.2d 428, *affirmed,* 98-2929 (La. 12/18/98), 722 So.2d 1004, and its predecessor, *Davis v. McGlothin*, 524 So.2d 1320 (La.App. 3 Cir.), *writ denied*, 525 So.2d 1046 (La.1988).

As indicated in our opinion a few weeks ago, the Election Code at La.R.S. 18:1461 defines bribery and provides the penalties and terms of imprisonment applicable to violators. It also provides the circumstances for immunity from prosecution. The statute provides in pertinent part:

> Bribery of voters is the giving or offering to give, directly or indirectly, any money, or anything of apparent present or prospective value to any voter at any general, primary, or special election, or at any convention of a recognized political party, with the intent to influence the voter in the casting of his ballot. The acceptance of, or the offer to accept, directly or indirectly, any money, or anything of apparent present or prospective value, by any such voters under such circumstances shall also constitute bribery of voters.

La.R.S. 18:1461(A)(1).

4

As we stated, bribery of voters is illegal under the codal provisions governing elections in Louisiana. Louisiana Revised Statutes 18:1431, entitled "Fraudulent or illegal votes; uncounted votes; determination of election result," provides authority for the trial court to subtract illegal votes from the recipient's total votes cast, and thereafter determine the result of the election. Under the facts of this case, the applicable language appears in the first and last sentences of the statute:

> ***When the court finds that one or more of the votes cast in a contested election are illegal or fraudulent, the judge shall subtract such vote or votes from the total votes cast for the candidate who received them if the contest involves election to office***, from the total vote for or against a proposition if the contest is of an election upon a proposition, or from the total vote for or against the recall of a public officer if the contest involves an election for the recall of a public officer. If the court determines that legal votes cast in the election were excluded in the total votes cast on a candidate, proposition, or recall, then these excluded legal votes shall be added to the total votes on the candidate, proposition, or recall to which they are attributable. ***Thereafter, and after considering all the evidence, the court shall determine the result of the election***.

La.R.S. 18:1431 (emphasis added).

The trial court and the defendants' reliance upon *Savage*, 728 So.2d 428, and *Davis*, 524 So.2d 1320, is misplaced. In this court's prior treatment of this matter, we held that *Savage* and *Davis* are distinguishable on the facts.[1] Both

---

[1] In *Davis*, which did not address La.R.S. 18:1431 in any manner, the trial court found no authority to challenge votes on the ground that "four voters received or were promised compensation for their vote and two persons were intimidated by individuals other than election officials." *Davis*, 524 So.2d at 1323. This court affirmed, finding, somewhat broadly, that while La.R.S. 18:1461 and R.S. 14:119 made *such behavior* a crime, thereby lumping compensated votes, promised compensation, and intimidation all together within six challenges, it found no authority to disqualify the votes from the election.

In *Savage*, the trial court found it impossible to determine the true election results under La.R.S. 18:1432 because of pervasive irregularities and declared the election null and void. This

cases focused upon La.R.S. 18:1432 and whether "the number of viable challenges of votes in the petition was [sufficient] to vary the outcome of the election." *Davis*, 524 So.2d at 1324. *See also Savage*, 728 So.2d at 432.

In both cases, the court stripped away the invalid challenges and considered how many valid challenges remained, and in both cases the court found insufficient viable challenges to change the result of the election under La.R.S. 18:1432. Such is not the case here. The four contested votes in this case are exactly the number of votes that changed the outcome of the election. In both *Savage* and *Davis*, the court considered the alternative of disqualifying the bought votes and found that it would make no difference under 18:1432. In *Davis*, 524 So.2d at 1324, the court stated, "even if we were to find that the trial court erred in striking these six [challenges], this would not have affected the outcome of the election. Pursuant to LSA-R.S. 18:1432…." In *Savage*, 728 So.2d at 432, the court stated, "Even assuming that these voters were not qualified to vote in the election, this would result in only nine individuals being struck from the number of voters who participated in the election."

Moreover, *Savage*, in discussing 40 particular votes, states that the trial court could have stricken bought votes under 18:1431, and it discussed them as illegal activities:

---

court reversed, finding that the result was determinable and that the plaintiff failed to satisfy the second prong of the two-prong test under La.R.S. 18:1432; after first proving irregularities or fraud, the plaintiff must prove that the fraud or irregularities were sufficient in number to change the outcome of the election. There, the defendant won by 74 votes. Ultimately this court found that the plaintiff had only proved that 28 votes should be stricken from the defendant's total, and one vote should be added to the plaintiff's total, which was insufficient to change the outcome of the election. Therefore, the election should not have been declared null and void. *Savage* applied 18:1431 in part but adopted language from *Davis* which did not comport with 18:1431.

The trial court did find that *23* voters, due to residency qualification requirements, should not have been allowed to vote in the election. The court also found that *two* absentee ballots which were counted in the election contained forgeries . . . . The trial court also determined that *12* individuals engaged in selling their votes on election day and that *three* individuals participated in **vote buying and other illegal activities** in this particular election. . . . [T]he trial court specifically found that there were *40* votes that should not have been counted in the total of the election votes. ***Instead of simply striking these as provided in La.R.S. 18:1431***, the trial court concluded that there w[ere] widespread illegal activities in the election such as vote buying and fraud making it impossible to determine the results of the election. We find that the trial court erred in finding it was impossible to determine the outcome of the election.

*Savage*, 728 So.2d at 431 (emphasis added).

In the final analysis, however, the *Savage* court adopted language from *Davis* stating that there was no authority to strike the bought votes.

It is important to note that La.R.S. 18:1432, on which *Davis* was based, provides a remedy for votes that were improperly denied or improperly allowed *by election officials.* Louisiana Revised Statutes 18:1431 has no such language. The fact that there was no authority under 18:1432 does not mean there is no authority under 18:1431. More specifically, La.R.S. 18:1432, entitled "Remedies," provides in pertinent part (emphasis added):

A. (1) If the trial judge in an action contesting an election determines that: it is impossible to determine the result of election, or the number of qualified voters who were denied the right to vote *by the election officials* was sufficient to change the result in the election, if they had been allowed to vote, or the number of unqualified voters who were allowed to vote *by the election officials was sufficient to change the result* of the election if they had not been allowed to vote, or a combination of these factors would have been sufficient to change the result had they not occurred, the judge may render a final judgment declaring the election void and ordering a new primary or general election for all the candidates, or, if

7

the judge determines that the appropriate remedy is the calling of a restricted election, the judge may render a final judgment ordering a restricted election, specifying the date of the election, the appropriate candidates for the election, the office or other position for which the election shall be held, and indicating which voters will be eligible to vote.

*Davis* did not address La.R.S. 18:1431; and *Savage*, which attempted bravely ten years later to reconcile the precedent available to it, adopted a hybrid rationale that worked until faced with the present set of facts. At this juncture, clarification is needed. Bought votes should never be allowed to determine the outcome of an election. See the instructive dissents and concurrences in *Savage,* both in this court, 728 So.2d 428, and in the Louisiana Supreme Court, 722 So.2d 1004. In Louisiana we look first to codified law. *Powel v. DeHyCo., Inc.*, 01-1029 (La.App. 3 Cir. 2/13/02), 815 So.2d 1032.[2] The statutory law applicable herein provides the appropriate remedy.

We disagree with *Nugent v. Phelps*, 36,366, p. 13 (La.App. 2 Cir. 4/23/02), 816 So.2d 349, 357, in so far as it suggests in dicta "that a vote should not be cast out simply because a voter was offered a bribe, or even because a voter accepted something of value for the vote, provided that voter still voted the way he originally intended." Vote buying is illegal in Louisiana, and we declare it so.

Based upon the foregoing, we find that *Savage* and *Davis* are factually distinguishable from the present case, and, to the extent that *Savage* implies that bought votes cannot be stricken under La.R.S. 18:1431, it is overruled in that regard. We do not suggest that the burden of the plaintiff is light in a case

---

[2] "Because of Louisiana's civilian tradition, Louisiana Courts must begin every legal analysis by examining primary sources of law, consisting of constitution, codes, and statutes; jurisprudence, even when it arises to the level of jurisprudence constante, is a secondary law source." *Powel*, 815 So.2d at 1034 (citing *Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 97-30635 (5th Cir. 6/17/99), 179 F.3d 169).

involving the bribery of voters. It is first the province of the trial court to weed out and penalize the frivolous claims, as illustrated in La.R.S. 18:1432(B). And as always, the trial court has the heavy burden of assessing credibility, which the trial court has done in this case.

V.

## CONCLUSION

Based upon the foregoing, we reverse the trial court's judgment dismissing the petition contesting the election; we strike the four illegal votes; we declare a tie between the candidates; and we remand this matter and instruct the trial court to order that a new election be held. Costs of this appeal are assessed to the defendant, Bert Keith Campbell.

**REVERSED AND RENDERED.**